LEGGETT and others *v.* COLE.

*(Circuit Court, D. Minnesota. ———, 1880.)*

1. GEN. ST. OF MINNESOTA, (1878,) c. 75, § 2—EQUITY DOCKET.—A suit brought under the statutes of Minnesota (Gen. St. 1878, *c.* 75, § 2), by a party in possession of real property, to settle an adverse claim, belongs on the equity docket.

> *Meighen v. Strong,* 16 Minn. 177, followed.

Motion to transfer suit to equity docket.

*Henry J. Horn,* for plaintiffs.

*Albert L. Levi,* for defendant.

NELSON, D. J. This case belongs on the equity docket. The statute permitting a party in possession of real property to bring a suit to settle an adverse claim reads as follows: "An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein, or lien upon the same, adverse to him, for the purpose of determining such adverse claim, estate, lien, or interest; and any person having or claiming title to vacant or unoccupied real estate may bring an action against any person claiming an estate or interest therein adverse to him, for the purpose of determining such adverse claim, and the rights of the parties respectively." Gen. St. of Minn. (1878) *c.* 75, § 2. This statute enlarges the class of cases in which equity affords relief in quieting title and possession of real estate.

It was necessary, previous to the enactment of this statute, that the right of the party in possession should be established by repeated judgments in his favor, in actions at law against him, before he could maintain a suit. This statute confers upon the possessor of real property a new right which enables him, without delay, to draw to himself outstanding inferior titles; and the facts are not to be tried by a jury unless the court orders an issue, or the parties consent to such trial. Such was the opinion of the supreme court of the state. *Meighen* v. *Strong,* 6 Minn. 177–182.

The suit will be transferred to the equity calendar.